UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SIM SURGICAL, LLC, | ) |
| Plaintiff, | ) Case No. 4:20-cv-1060 |
| v. | ) |
| SPINEFRONTIER, LLC, | ) |
| Defendant. | ) |
| <u>Serve</u>:<br>CORP1, Inc.<br>614 N DuPont Hwy Suite 210<br>Dover, DE 19901 | ) |

## SIM SURGICAL, LLC'S COMPLAINT

SIM Surgical, LLC ("SIM"), by its undersigned attorneys, for its Complaint against Defendant, SpineFrontier, LLC ("SpineFrontier"), alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1. SIM is a Missouri limited liability company with its principal place of business located at 2072 Fenton Logistics Park, St. Louis, Missouri 63026. Accordingly, SIM is a citizen of Missouri.

2. SpineFrontier is a Delaware limited liability company with its principal place of business located at 350 Main Street, 2nd Floor, Malden, Massachusetts 02148.

3. This Court has jurisdiction over the subject matter of this dispute pursuant to 28 U.S.C. § 1332(a)(1) because SIM is a citizen of Missouri, Defendant is a citizen of Delaware and Massachusetts, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

4. Venue is proper because the material events at issue occurred in St. Louis County, Missouri.

## GENERAL ALLEGATIONS

5. SIM is a manufacturer and supplier of custom and proprietary surgical instruments and implants.

6. Defendant and SIM entered into Purchase Order Agreements under which Defendant agreed to pay SIM in return for medical devices.

7. Under the Purchase Order Agreements, Defendant agreed to remit payment for purchases within thirty (30) calendar days from the invoice date.

8. After Defendant ordered inventory from SIM, and SIM shipped the inventory to Defendant, SIM then sent Defendant invoices for the inventory.

9. Specifically, Defendant ordered inventory from SIM and SIM sent invoices for the same between November 2019 and April 2020.  The total of outstanding invoices is $132,349.16.  A true and accurate copy of the statement reflecting each invoice is attached hereto as <u>Exhibit 1</u> and incorporated herein by reference.

10. Defendant has not paid any of the invoices when they were due in violation of Purchase Order Agreements.  Nor has Defendant returned the surgical instruments and implants.

11. In addition, Defendant ordered custom and proprietary inventory from SIM that has not yet been shipped and which cannot be used for any of SIM's other customers.

12. Defendant agreed in the Purchase Order Agreements to accept delivery of and pay for this unshipped inventory.

13. The total agreed purchase price of the unshipped inventory is $61,489.49.

14. On April 21, 2020, counsel for SIM sent Defendant a letter demanding payment of the $193,828.65 owed by Defendant pursuant to the invoices and Purchase Order Agreements.

15. As of the filing of this Complaint, Defendant has failed and refused to pay the amounts due and owing to SIM.

## COUNT I – BREACH OF CONTRACT

16. SIM incorporates by reference and realleges, as if the same were fully set forth herein, each of its allegations contained in Paragraphs 1 through 15 of this Complaint.

17. SIM and Defendant entered into valid and enforceable Purchase Order Agreements for the purchase of certain custom and proprietary surgical instruments and implants.

18. At the time of the execution of each Purchase Order Agreement there was an offer, acceptance, and an agreement between the parties as to all essential terms of the agreements.

19. Each Purchase Order Agreement was supported by valuable consideration.

20. Defendant failed and refused to pay SIM for the surgical instruments and implants per the terms of the Purchase Order Agreements.

21. SIM has made multiple demands for payment from the Defendant.

22. Defendant refused and continues to refuse to pay SIM the amounts due.

23. Defendant's failure to pay SIM is a material breach of the Purchase Order Agreements.

24. SIM has fully performed or is excused from its obligations under the Distributor Agreement, and any conditions precedent to final payment and performance by Defendant have occurred.

25. As a direct and proximate result of Defendant's breach, SIM has been damaged in the amount of $193,828.65.

## COUNT II – UNJUST ENRICHMENT

26. SIM incorporates by reference and realleges, as if the same were fully set forth herein, each of its allegations contained in Paragraphs 1 through 25 of this Complaint.

27. SIM specifically manufactured custom and proprietary medical devices for Defendant.

28. In doing so, SIM conferred a benefit upon Defendant by manufacturing and providing these medical devices.

29. Defendant has knowledge of this benefit as it accepted the products.

30. Defendant retained the benefit by accepting and either using or refusing to return the products.

31. Defendant has not paid SIM for the medical devices.

32. Under the circumstances, it would be inequitable for Defendant to retain the benefit of the medical devices in light of Defendant's failure and refusal to compensate SIM for the same.

33. As a direct and proximate result of Defendant's conduct, SIM has suffered damages in the amount of $193,828.65.

## COUNT III – PROMISSORY ESTOPPEL

34. SIM incorporates by reference and realleges, as if the same were fully set forth herein, each of its allegations contained in Paragraphs 1 through 33 of this Complaint.

35. SpineFrontier ordered and promised to accept and pay for certain custom and proprietary goods from SIM.

36. SpineFrontier expected or should have expected SIM to rely on SpineFrontier's promise.

37. SIM reasonably relied on SpineFrontier's promise to its detriment by manufacturing the custom and proprietary goods, and shipping at least some of the goods to SpineFrontier.

38. This directly and proximately caused injustice to SIM by damaging SIM in the amount of $193,828.65 for the custom and proprietary goods for which SpineFrontier refused to accept and/or pay.

WHEREFORE Plaintiff SIM Surgical, LLC respectfully requests that this Court enter judgment in its favor and against Defendant SpineFrontier, LLC, in the amount of $193,828.65 together with attorneys' fees, costs, pre and post judgment interest, and for any additional relief as this Court deems just and proper.

Respectfully submitted,

THOMPSON COBURN LLP

By:/s/ *Elise N. Puma*
    Daniel C. Cox, #38902MO
    Elise N. Puma, #68336MO
    One US Bank Plaza
    St. Louis, Missouri  63101
    314-552-6000
    FAX 314-552-7000
    dcox@thompsoncoburn.com
    epuma@thompsoncoburn.com

*Attorneys for Plaintiff SIM Surgical, LLC*