**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| SIM SURGICAL, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:20-cv-1060-JAR |
| | ) |
| SPINEFRONTIER, LLC, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Spinefrontier's Motion to Dismiss. (Doc. No. 10). Plaintiff SIM Surgical filed a brief in opposition (Doc. No. 12). Defendant has not filed a reply and the time to do so has passed. The motion is ready for disposition. For the following reasons, the motion will be denied.

## I.      Background

Taken as true for the purpose of this motion, Plaintiff alleges the following facts. Plaintiff sold Defendant surgical instruments and implants and Defendants did not pay. (Complaint ("Compl.") ¶ 15). Plaintiff alleges that they entered into an agreement, the Purchase Order Agreements, with Defendant. Pursuant to the agreement, Plaintiff agreed to sell Defendant medical devices and Defendant agreed to pay for these devices within thirty days of the invoice. Defendant also agreed to accept delivery of and pay for unshipped inventory. Defendant ordered devices from Plaintiff between November 2019 and April 2020. Defendant received the orders but did not pay the invoices when they were due. The total of the outstanding invoices is $123,349.16. Defendant has also ordered custom devices that Plaintiff has not shipped, worth

$61,489.49. Plaintiff asserts claims for Breach of Contract (Count I); Unjust Enrichment (Count II); and Promissory Estoppel (Count III).

In Count I, Plaintiff alleges that "Plaintiff and Defendant entered into valid and enforceable Purchase Order Agreements for the purchase of certain custom and proprietary surgical instruments and implants." (Id. at ¶ 17). Plaintiff further claims that "Defendant's failure to pay SIM is a material breach of the Purchase Order Agreements." (Id. at ¶ 23).

In its claims for Unjust Enrichment and Promissory Estoppel, Plaintiff "incorporates by reference and realleges, as if the same were fully set forth herein" the preceding allegations, including the allegations in its claim for Breach of Contract. (Id. at ¶¶ 26, 34). In Count II for Unjust Enrichment, Plaintiff alleges that it "conferred a benefit upon Defendant by manufacturing and providing these medical devices" and "under the circumstances, it would be inequitable for Defendant to retain the benefit of the medical devices in light of Defendant's failure and refusal to compensate SIM." (Id. at ¶¶ 28, 32). Plaintiff does not allege the existence of a contract within its claim for unjust enrichment. (Id. at ¶¶ 26-33). Likewise, in Plaintiff's claim for Promissory Estoppel, Plaintiff does incorporate by reference allegations that raise the existence of a contractual agreement but does not allege the existence of a contract on which their claim is based. (Id. at ¶¶ 34-38).

Defendant moves to dismiss Counts II and III. Defendant claims that because Plaintiff incorporated by reference and realleged the allegations related to Count I in Counts II and III, Plaintiff has included allegations of an express contract in its claims for unjust enrichment and promissory estoppel and therefore Plaintiff has failed to state a claim.

II.      **Legal standard**

In ruling on a motion to dismiss, the Court assumes all facts alleged in the complaint are true, and liberally construes the complaint in the light most favorable to the plaintiff. Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008). The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A claim is facially plausible if it allows the reasonable inference that the defendant is liable for the conduct alleged. See Horras v. Am. Capital Strategies, Ltd., 729 F.3d 798, 801 (8th Cir. 2013); Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009). "Threadbare" recitations of the elements of a claim supported only by "conclusory statements" will not suffice. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). Rather, a plaintiff must allege some facts to raise the allegation above the level of mere speculation. Id.

## III.    Discussion

Defendant argues that Plaintiff has not stated a claim for unjust enrichment or promissory estoppel because Plaintiff has not specifically plead these claims in the alternative to its claim for breach of contract. Defendant relies on Guinn v. Hoskins Chevrolet, a decision by an Illinois appellate court. 361 Ill. App. 3d 575, 605 (1st Dist. 2005). The Guinn court affirmed the dismissal of the plaintiff's unjust enrichment claim, finding that "although the contract is not specifically referenced in plaintiff's unjust enrichment count, she incorporates the allegations of each other count into the unjust enrichment count. The plaintiff also attached to her complaint the retail installment contract." Id. At 604. Defendant admits that "it has not found a Missouri case explicitly addressing dismissal at the pleading stage of a promissory estoppel claim that was not pleaded in the alternative." However, Defendant urges the Court to apply the standard First

District Appellate Court of Illinois used in <u>Guinn</u> for both plaintiff's promissory estoppel and unjust enrichment claims.  <u>Guinn</u> is not applicable; the holding contradicts decisions from the Eastern District of Missouri interpreting Missouri law. <u>See</u> <u>Franke v. Greene</u>, 2012 WL 3156577, at \*5 (E.D. Mo. Aug. 2, 2012). Plaintiff's unjust enrichment and promissory estoppel claims are adequately pled.

Missouri law does not permit a plaintiff to recover under both an express contract and for unjust enrichment. <u>See, e.g.,</u> <u>Banner Iron Works, Inc. v. Amax Zinc Co.,</u> 621 F.2d 883, 889 (8th Cir.1980) (finding of a valid contract precludes recovery on a quantum meruit theory under Missouri law); <u>Krupnick & Associates, Inc. v. Hellmich,</u> 378 S.W.2d 562, 569–570 (Mo.1964) ("express contract would also preclude the existence of the contract implied by law or quasi contract[ ] necessary to form the basis for recovery in quantum meruit"). Likewise, a Plaintiff cannot recover the same damages under both a promissory estoppel theory and a breach of contract theory. <u>See</u> <u>Zipper v. Health Midwest</u>, 978 S.W.2d 398, 412 (Mo. Ct. App. 1998) Nonetheless, "[t]he fact that a plaintiff cannot simultaneously recover damages for both breach of an express contract and unjust enrichment does not preclude that plaintiff from pleading both theories in her complaint." <u>Owen v. General Motors Corp.,</u> No. 06–4067–CV–C–NKL, 2006 WL 2808632, at \*2 (W.D.Mo. Sept. 28, 2006).

According to the Federal Rules of Civil Procedure, "[a] party may set out two or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones." Fed.R.Civ.P. 8(d)(2). "If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." <u>Id</u>. "A party may state as many separate claims or defenses as it has, regardless of consistency." Fed.R.Civ.P. 8(d)(3).

The liberal policy reflected in Rule 8(d)(2) mandates that courts not construe a pleading "as an admission against another alternative or inconsistent pleading in the same case." McCalden v. Cal. Library Ass'n., 955 F.2d 1214, 1219 (9th Cir.1990); see also Rodriguez–Suris v. Montesinos, 123 F.3d 10, 20 (1st Cir.1997)("Especially at the early stages of litigation, a party's pleading will not be treated as an admission precluding another, inconsistent, pleading."). Thus, although a plaintiff may not recover on both theories, "a plaintiff may claim ... remedies as alternatives, leaving the ultimate election for the court." E .H. Boly & Son, Inc. v. Schneider, 525 F.2d 20, 23 n. 3 (9th Cir.1975); see also Hubbard Bus. Plaza v. Lincoln Liberty Life Ins. Co., 596 F.Supp. 344, 347 (D.Nev.1984) (holding that a "claimant is entitled to introduce his evidence in support of all his claims for relief; if he doesn't make an election among them, the trier of fact decides which, if any, to sustain.").

Defendant admits that a breach of contract claim and claims for unjust enrichment or promissory estoppel may be pled in the alternative. However, Defendant asserts that Plaintiff did not plead the claims in the alternative because Plaintiff did not specify that the claims were pled in the alternative, Plaintiff incorporated by reference the allegations related to the breach of contract claim in its other claims, and Plaintiff attached a copy of the "Purchase Order Agreements" to its complaint.

Although Counts II and III of Plaintiff's complaint are not explicitly pled in the alternative, Plaintiff clearly intended them to operate as alternative causes of action. "The Court will not require hypertechnicality in pleading these claims in the alternative, and will not dismiss [plaintiff's] quantum meruit/unjust enrichment claim based on his failure to use more precise wording." Franke v. Greene, 2012 WL 3156577, at *5 (E.D. Mo. Aug. 2, 2012). See also Chem Gro of Houghton, Inc. v. Lewis Cty. Rural Elec. Co-op. Ass'n, 2012 WL 1025001, at *3 (E.D.

Mo. Mar. 26, 2012)(Although Plaintiff did not plead unjust enrichment explicitly in the alternative, "Plaintiff clearly intended its unjust enrichment claim to operate as an alternative cause of action to Plaintiff's breach of contract and reformation claim…the Court will not require hypertechnicality in pleading these claims in the alternative."). The claims need not be specifically pled in the alternative.

**IV.     Conclusion**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Spinefrontier, LLC's Motion to Dismiss Complaint under Rule 12(b)(6) [10] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that a Rule 16 conference will be set by separate Order.

Dated this 20th day of November, 2020.

**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**