IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SIM SURGICAL, LLC | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:20-CV-01060-JAR |
| | ) |
| SPINEFRONTIER, LLC, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of Plaintiff SIM Surgical ("SIM") to compel responses to its post-judgment requests for production and interrogatories. (Doc. No. 47). For the reasons set forth below, the motion to compel will be granted, in part, and denied, in part.

**I.   Background**

SIM first brought suit against Defendant SpineFrontier, LLC ("SpineFrontier") on August 12, 2020. (Doc. No. 1). After considering the parties' arguments on motion for summary judgment, the Court granted summary judgment in SIM's favor and entered a partial final judgment against SpineFrontier in the amount of $118,158.94.[1] (Doc. No. 42). However, SpineFrontier has not voluntarily tendered the judgment amount to SIM. (Doc. No. 47 at 2). SIM therefore served post-judgment discovery on SpineFrontier to support its efforts to execute its judgment. SpineFrontier's discovery responses were then due on September 8, 2022. *Id.*

SpineFrontier timely provided responses and objections to SIM's discovery

---

[1] SIM voluntarily dismissed the remainder of its claims shortly thereafter. *See* (Doc. No. 46).

1

requests. (Doc. No. 47 at 2). As relevant to this motion, SpineFrontier agreed to produce: (i) articles of incorporation and other organizational documents, (RFP 2); (ii) copies of documents reflecting payments SpineFrontier received since November 1, 2019, (RFP 4); (iii) documents identified in SpineFrontier's response to interrogatory answers, (RFP 5); (iv) balance sheets, profit and loss statements, and other financial statements from November 1, 2019 through the present, (RFP 6); (v) special ledgers, journals, or other books and records of account through that time period, (RFP 7); (vi) documents relating to certificates of deposit, security interests, mortgages, stocks, and other interests SpineFrontier holds, (RFP 8); (vii) accounts receivable ledgers from November 1, 2019 through the present, (RFP 10); and (viii) statements for all bank and other accounts from that time period (RFP 12). *See id*. at 3. On October 25, 2022, however, SpineFrontier informally produced only a single page from its fiscal year 2020 and 2021 profit and loss statement, and two pages of a 2017 tax form showing amounts an individual associated with SpineFrontier owed. *Id*.

During the post-judgment discovery process, counsel Daniel J. Dwyer of Verrill Dana LLP initially represented SpineFrontier. (Doc. No. 55). However, on September 1, 2022, SpineFrontier substituted counsel with attorney Jeffrey Chip of Jeffrey A. Chip, P.C.[2] *Id*. SpineFrontier explains that the substitution in counsel and the need for a protective order initially delayed its compliance with SIM's discovery requests. *Id*. at 2. As the Court entered a stipulated protective order on January 6, 2023, SpineFrontier provided SIM with some discovery responses shortly thereafter. *See* (Doc. No. 54).

---

[2] Attorney Mark Brown, of Mark Brown LLC, was and remains local counsel for SpineFrontier. (Doc. No. 55).

SpineFrontier's production included: (i) articles of incorporation, (RFP 2); (ii) invoices through October, 2022, (RFP 4); (iii) the documents identified in its interrogatory answers, (RFP 5); (iv) balance sheets, profit and loss statements, and other financial statements from November 1, 2019 through October, 2022, (RFP 6); (v) special ledgers, journals, and other records of account from November 1, 2019 through October, 2022, (RFP 7); (vi) documents relating to certificates of deposit, security interests, mortgages, stocks, and other beneficial interests SpineFrontier owes through October, 2022, (RFP 8); (vii) accounts receivable ledgers from November 1, 2019 through October, 2022, (RFP 10); and (viii) statements for all bank and other accounts from November 1, 2019 through October, 2022, (RFP 12). (Doc. No. 55 at 5-6). SIM contends that these responses remain insufficient in regards to RFP 4, RFP 7, RFP 8, RFP 10, and RFP 12. (Doc. No. 57). SIM notes that SpineFrontier has raised objections to its other requests for production, but asserts that those at issue in this motion are only those to which SpineFrontier has already agreed to comply. *Id*. at 1. It also requests reasonable fees and expenses associated with bringing the motion, including attorneys' fees. (Doc. No. 47 at 6).

**II.      Legal Standards**

Discovery in aid of the execution of a money judgment is controlled by Federal Rule of Civil Procedure 69, which states, in relevant part, that "[i]n aid of the judgment or execution, the judgment creditor...may obtain discovery from any person...as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). *See also Credit Lyonnais, S.A. v. SGC Intern., Inc.,* 160 F.3d 428, 430 (8th Cir. 1998) (holding that Rule 69 provides a right to conduct discovery after a judgment is entered in a case). Rule 69(a) further allows the "judgment creditor...freedom to make a

3

broad inquiry to discover hidden or concealed assets of the judgment debtor." *ITOCHU Int'l, Inc. v. Devon Robotics, LLC*, 303 F.R.D. 229, 232 (E.D. Pa. 2014) (citation omitted); *see also* Wright & Miller, Discovery in Aid of Execution, 12 Fed. Prac. & Proc. Civ. § 3014 (3d ed.) ("The judgment creditor is allowed discovery to find out about assets on which execution can issue..."). As this Court is located Missouri, Missouri's rules of civil procedure are also relevant to this issue. Missouri's Rules of Civil Procedure allow post-judgment discovery of "matters...relevant to the discovery of assets or income subject to...the satisfaction of judgments." Mo. R. Civ. P. 76.28.

Rule 69(a) applies the normal procedure of conducting discovery to post-judgment discovery requests. Fed. R. Civ. P. 69(a)(2). For instance, responses to written discovery must comply with the requirements of Federal Rules of Civil Procedure 33 and 34, including the time to respond and waiver of objections if not timely raised. *BancorpSouth Bank v. RWM Properties II, LLC*, No. 4:11CV373 JCH, 2012 WL 3939972, at * 1 (E.D. Mo. Sept. 10, 2012) (applying Rules 33 and 34 to post-judgment discovery requests). In addition, Federal Rule of Civil Procedure 37 provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if, inter alia, a party fails to answer an interrogatory or fails to produce documents. Fed. R. Civ. P. 37(a)(3)(B). "[E]vasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

### III. Discussion

#### a. Requests for Production 4, 7 and 12

SpineFrontier's discovery responses remain materially deficient in many respects. RFP 4 requested "copies of documents reflecting payments received by SpineFrontier

4

since November 1, 2019." (Doc. No. 47 at 3). Similarly, RFP 7 requested "special ledgers, journals, or other books and records of account from November 1, 2019 to present." *Id*. RFP 12 requested "statements for all bank and other accounts from November 1, 2019 to present." *Id.* SIM notes that SpineFrontier only provided invoices in response to RFP 4 and RFP 7, though the requests for production asked for all documents reflecting payment, and all general or special ledgers, journals, books, or account records. *Id*. at 2. SIM also points out that the documents extend only to October 2022, rendering the productions two months out of date. *Id*. Finally, SIM notes that SpineFrontier's production for RFP 12 only extends through October, 2022, making that production out of date. *Id*. at 4.

The Court finds that SpineFrontier's production of invoices and bank account information through only October 2022 is incomplete and does not sufficiently answer RFPs 4, 7, and 12. SpineFrontier's incomplete responses prevent SIM from collecting the Judgment forcing it to incur further expenses to determine whether SpineFrontier has the responsive documents. *See Dinosaur Merchang Bank Limited v. Banservices International, LLC*, Case No. 1:19 CV 84 ACL, 2021 WL 918189, at *15 (E.D. Mo. Mar. 2021).

If SpineFrontier does not have other "documents reflecting payments" or "special ledgers, journals, or other books and records of account," it must say so in its formal answer. Fed. R. Civ. P. 34(b)(2)(B). SpineFrontier must conduct a reasonable search for the materials responsive to the requests, rather than limiting itself only to what is immediately available. *See* Fed. R. Civ. P. 34(b)(2)(B), advisory committee notes on 2015 Amendment (explaining that a party may limit its search only after raising an objection and identifying which documents are withheld "beyond the scope of the search specified

5

in the objection"). SpineFrontier also bears a duty to supplement and correct its responses in a timely manner "if the party learns that in some material respect the disclosure…is incomplete[.]" Fed. R. Civ. P. 26(e)(1)(A). As SpineFrontier has offered to supplement its answers "upon updated records", the Court orders SpineFrontier to produce electronic bank statements to the present date.  Further, SpineFrontier makes no mention of its failure to produce all of the documents SIM requested beyond invoices. SpineFrontier must either produce these documents or specifically state that none exist. Thus, the Court grants SIM's motion to compel production of documents responsive to Requests 4, 7, and 12 and orders SpineFrontier to supplement its answers thereto by February 6, 2023.

      **b.  Request for Production 8**

In RFP 8, SIM requested documents relating to certificates of deposit, security interests, mortgages, stocks, and other beneficial interests SpineFrontier owes through October, 2022. SpineFrontier alleges that it has produced "[a]greed upon documents" through October 2022.  (Doc. No. 55 at 5).  However, SIM states that it received no documents responsive to that request.  (Doc. No. 57 at 3).  SIM further asserts that SpineFrontier did not identify which, if any, documents are responsive to RFP 8 in either its production or in response to the motion to compel.  *Id*. at 3-4.

When responding to requests for production, a party must organize the records and label them to correspond to the discovery request to which they respond.  *See Wagner v. Dryvit Systems, Inc.*, 208 F.R.D. 606, 611 (D. Neb. 2001) (internal citations omitted). SpineFrontier has not properly organized its document production to indicate documents responsive to RFP 8. Further, SpineFrontier limited its document production for RFP 8 to documents through only October 2022.  The Court therefore compels SpineFrontier's full

compliance with RFP 8 no later than February 6, 2023.

### c. Redacted Customer Information in Requests 4, 7, and 10

SIM asserts that, although SpineFrontier produced some documents responsive to requests 4, 7, and 10, it redacted all customer identifying information, such that the documents are not usable for SIM to collect its judgment. (Doc. No. 57 at 2). Nothing in the Federal Rules permits the unilateral redaction of information on the basis of confidentiality or privacy concerns. *See Wallace v. Pharma Medica Research, Inc.*, Case No. 4:18cv01859 PLC, 2021 WL 22593, at *5 (E.D. Mo. Jan. 14, 2021). Instead, the Rules allow the parties to move for a protective order. *See* Fed. R. Civ. P. 26(c)(1). *See also Bartholomew v. Avalon Capital Group, Inc.*, 278 F.R.D. 441, 452 (D. Minn. 2011) (stating that parties seeking to unilaterally redact responsive documents must request leave, and that a protective order may "limit the dissemination of any confidential information"). Here, the Court entered a protective order. Nevertheless, SpineFrontier did not request leave to redact its disclosures, and it did not explain its further need for redaction. The Court therefore grants SIM's motion to compel unredacted documents in response to RFP 4, 7, and 10. SpineFrontier must produce the unredacted documents no later than February 6, 2023.

### d. Attorneys' Fees

If the Court grants a motion to compel, "or if the disclosure or requested discovery is provided after the motion was filed," it is required to order the party whose conduct necessitated the motion to pay reasonable expenses associated with the motion, including attorneys' fees. Fed. R. Civ. P. 37(a)(5)(A). However, the Court must not order payment of these expenses if: "(i) the movant filed the motion before attempting in good faith to

7

obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id*.

In response to SIM's request for attorneys' fees, SpineFrontier explains that it obtained new counsel to handle post-judgment discovery issues on September 1, 2022. (Doc. No. 50). Although SpineFrontier's local counsel remained the same, Mr. Brown transitioned from the Law Office of Mark Brown LLC to Husch Blackwell LLP in May 2022, and his email address was not correctly updated in Pacer, and Mr. Brown did not receive notice of the motion to compel until December 9, 2022. (Doc. No. 55 at 2). The Court does not believe that an award of attorneys' fees is warranted at this time and denies the request without prejudice. However, the Court reserves ruling at this time regarding whether an award of attorneys' fees is warranted. The Court will revisit the issue when it determines if SpineFrontier's conduct continues a pattern of non-compliance. SIM may refile its motion for fees if appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that SIM's motion to compel, (Doc. No. 47), is **GRANTED in part and DENIED in part**. SIM's request to compel answers to requests 4, 7, 8, 10, and 12 are **GRANTED**. SIM's request to compel answers to requests 2, 5, and 6 are **DENIED as MOOT**. The Court **RESERVES RULING** SIM's request for attorneys' fees.

Dated this 30th day of January, 2023.

                                                                          JOHN A. ROSS
                                                                          UNITED STATES DISTRICT JUDGE